**UNITED STATES v. UTICA, C. & S. V. RY. CO. et al.**

District Court, S. D. New York.

Dec. 30, 1942.

Mathias F. Correa, U. S. Atty., of New York City (Frank J. Dufficy, of New York City, of counsel), for plaintiff.

Cross & Foley, of Utica N. Y., for defendant Utica, C. & S. V. Ry. Co. and Ida L. Sayre.

HULBERT, District Judge.

Plaintiff moves for a preliminary injunction restraining the Delaware, Lackawanna & Western Railroad Company from making any further interest payments to the stockholders of the Utica, Chenango & Susquehanna Valley Railway Company until further order of the Court. Such payments have been made since 1870 pursuant to the provisions of a lease whereby the Utica railroad leased its corporate property for the full term of its corporate existence to the Lackawanna railroad in return for an annual rental in the form of interest on the shares of stock of the Utica railroad which was to be paid in two installments, in May and November of each year, directly to the stockholders. The preliminary injunction is sought primarily to prevent the payment of the November, 1942, installment.

Simultaneously with the service of the order to show cause, pursuant to which this motion was made, the plaintiff commenced an action against the two railroads to recover taxes allegedly due on the income of the Utica railroad for the years 1933 to 1941 inclusive, and to secure payment of such taxes from the rent paid by the Lackawanna railroad. The theory of the Government's action is that this rent constitutes income of the Utica railroad upon which taxes are due and owing; that there are no assets other than the income from which the taxes could be paid, and that, therefore, the Government has a lien and is entitled to distrain, and levy on such rent for the payment of the full amount due, and is entitled to restrain further payments of rent to the Utica railroad or its stockholders until such levy can be made.

The stockholders of the Utica railroad were not made parties to this action and one of them now moves for leave to intervene, contending that the stockholders are third party beneficiaries of the lease agreement between the two railroads; that the payments in question belong to the stockholders and not to the Utica railroad and cannot be used to satisfy the tax indebtedness; that the Lackawanna railroad guaranteed payment of rental to the stockholders; that any Act of Congress which authorizes the payment of income taxes owed by the Utica railroad out of the proceeds of such payments is unconstitutional; and that an action is now pending in the New York Supreme Court for a declaratory judgment to determine the rights and liabilities of all the parties.

The Government contends that it is entitled to a preliminary injunction on the authority of United States v. Warren R. Co., 2 Cir, 1942, 127 F.2d 134, 139. That case and the case at bar are similar in that both are against lessee and lessor railroads; both were commenced to recover unpaid income taxes and both involve leases under the terms of which rent payments were made, not to the lessor, but to the stockholders of the lessor. In the Warren case the Government obtained judgments against both railroads and the lessee railroad alone appealed. The judgment against it was reversed, the Court holding that under the terms of the lease it was not obligated to pay the lessor's income taxes, nor was it obligated to pay such taxes under the lien, distraint and levy clauses of the Internal Revenue Code, Secs. 3670, 3690, 3692 and 3710, 26 U.S.C.A. §§ 3670, 3690, 3692, 3710, except in so far as it involved rentals payable and levied upon prior to the entry of judgment. However, the Court was not aware whether any rentals were due and payable when the levies were made or whether the lessee was in possession of any property of the lessor at the time the notice of lien and levy were served. Accordingly, the cases were remanded to the District Court in order that the Government might file a supplemental petition for judgment against the lessee, providing: "(1) That the lessee be enjoined from making further payments to the stockholders of the lessors out of any rentals now or hereafter payable until the United States shall, from time to time, have an opportunity to levy thereon so that the income taxes and interest may be satisfied; (2) that the lessee pay to the collector the amount of rentals levied upon, from time to time, which may be necessary to satisfy the income tax obligations."

The Court pointed out that this procedure was the "counterpart of a judgment creditor's suit in which it is not required that execution be issued and returned unsatisfied" because the indebtedness of the judgment debtor is beyond question. In that case the judgment against the lessor railroads remained undisturbed.

In the case at bar, however, the Government has not as yet obtained a

judgment against either the lessor or the lessee railroad. There has been no admission of liability and no determination that the taxes were not in fact paid or that any taxes are due and owing. It cannot be said that the indebtedness to the Government is beyond question although in view of the decisions in United States v. Joliet & Chicago R. Co., 315 U.S. 44, 62 S.Ct. 442, 86 L.Ed. 658, and United States v. Warren R. Co. supra, it is doubtful whether the defendants may successfully maintain any defense which they may interpose.

Furthermore, the Government has not shown that the preliminary injunction is necessary to preserve the status quo until a determination is made on the merits, and, in fact, the opposite is true because the payments sought to be enjoined have been made regularly since 1870. Nor has the Government shown that it will suffer irreparable injury if the defendant is not enjoined from making the payment due in November, 1942. This is not the last payment to be made under the lease which is to run for as long as the Utica railroad retains its corporate existence. It is not apparent that the Government will be unable to collect any judgment in its favor if this application is denied. The most that can be said is that the Government will be delayed (for a short time) in collecting part of the total amount sued for.

■ If the stock of the Utica railroad was owned by stockholders who are not dependent upon the interest payments for their livelihood, my decision might be otherwise. However, it appears that the stock is held by about 1202 stockholders, some of whom have little or no income other than the payments received from the Lackawanna railroad. These stockholders should have an opportunity to have their rights and liabilities determined either in this action or in the New York Supreme Court action now pending, before the interest payments are stopped. It would be inequitable to decide otherwise.

■ The motion for leave to intervene is granted. Rule 24(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, permits intervention "(2) when an applicant's claim or defense and the main action have a question of law or fact in common." There are such questions here.

As pointed out by this Court (Conger, J.) in United States v. Warren Railroad Co., decided November 10, 1942:[1] "Certainly the stockholders have a vital interest in the outcome of the cases at bar. A judgment against the defendants would be binding on them, at least indirectly. If the Government is successful a recovery in its favor would adversely affect the stockholders in that it would have to be paid out of moneys which the stockholders are accustomed to receive from the Delaware, Lackawanna & Western Railroad Co."

The motion for a preliminary injunction is denied. Settle order on notice.

---

[1] No opinion for publication.